**Thomas C. STE. MARIE,**
**Plaintiff–Appellant,**

**v.**

**CITY OF DAYTON, Defendant–**
**Appellee.**

**No. 02–4290.**

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2004.

Dwight D. Brannon, Brannon & Lowe, Dayton, OH, for Plaintiff–Appellant.

John J. Danish, John C. Musto, Office of the City Attorney, Stacey D. James, Wright & Van Noy, Dayton, OH, for Defendant–Appellee.

Before: SUHRHEINRICH, CLAY and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.

Thomas C. Ste. Marie, a former Dayton Police Officer, filed this lawsuit against the City of Dayton under 42 U.S.C. § 1983, alleging that the City deprived him of a property interest in continued employment without due process of law when it discharged him on March 30, 1999, just a few days short of nine months on the job. The key issue in this case is whether Ste. Marie was a probationary employee at the time he was discharged because, as the district court put it, "a probationary employee may be discharged without cause ... [while] an employee who has moved beyond probationary status may only be discharged for cause, with all the attributes of due process attaching." *Ste. Marie v. City of Dayton*, 247 F.Supp.2d 878, 879 (S.D.Ohio 2002). A 1995 collective bargaining agreement (CBA) between the City and the Fraternal Order of Police (FOP), Ste. Marie's union, created a nine-month probationary period. The Dayton City Charter, however, creates a six-month probationary period. Ste. Marie claims the city charter provision controls, while the City contends the CBA provision controls.

On January 5, 2000, the City filed a motion to dismiss the complaint. On July 24, 2000, the district court issued a published decision holding that (1) under Ohio law the nine-month probationary period in the CBA prevails over the six-month period in the Dayton City Charter, *see Ste. Marie v. City of Dayton*, 109 F.Supp.2d 846, 850–51 (S.D.Ohio 2000) (citing *Biddle v. City of Dayton*, 48 Ohio App.3d 116, 548 N.E.2d 329, 329 (Ohio Ct.App.1988)); and (2) a probationary employee does not possess a due-process-protected property interest in continued employment; but that (3) the City could not establish at the pleadings stage that the CBA provision was in effect when plaintiff was discharged. The court accordingly denied the motion.

On September 4, 2001, the City moved for summary judgment and attached affidavits from representatives of both the FOP and the City establishing that the 1995 CBA was still in effect at the time Ste. Marie was discharged. (A similar motion had been denied twice on evidentiary grounds, but each time the court invited the City to renew the motion if it could cure the evidentiary problem.) A few weeks later, on September 26, 2001, Ste. Marie requested an extension of time to respond to the City's motion, which the court granted However, on October 7, 2002, after a year had passed without any response from Ste. Marie, the court granted the City's summary judgment motion.

In another published decision, the district court explained that summary judgment was appropriate because (1) Ste. Marie had offered no opposing memorandum or argument and (2) the City had offered uncontradicted evidence of the City's and the FOP's understanding that the 1995 CBA–including its nine-month probationary period–was still in effect at the time Ste. Marie was discharged. *See Ste. Marie v. City of Dayton*, 247 F.Supp.2d 878, 882–88 (S.D.Ohio 2002). Although the 1995 CBA was set to expire on May 17, 1998 (well before Ste. Marie was discharged), the court explained, the agreement also provided that it would continue in effect thereafter so long as neither party notified the other of its intention to terminate the agreement. And although "the [FOP] contacted the City by letter dated March 5, 1998, with the intent to negotiate modifications to the CBA." *id.* at 888, the court further explained:

the [FOP] did not intend to terminate the 1995 CBA while it negotiated modifications thereto. [ ] the City and the [FOP] both clearly intended for the 1995

CBA to renew automatically upon its expiration date ... while they negotiated said modifications, and [ ] the nine-month probationary period contained in the 1995 CBA remained in effect for [Ste. Marie] at the time of his discharge.

*Id.* "Accordingly," the court concluded, "the City is entitled to judgment as a matter of law." *Id.*

Having had the benefit of oral argument and having given de novo review to the record and the parties' arguments, *see Sperle v. Mich. Dep't of Corr.*, 297 F.3d 483, 490 (6th Cir.2002) (reviewing a district court's grant of summary judgment de novo), we are convinced that the district court properly granted summary judgment to the City. Another detailed explanation of why the City was entitled to judgment as a matter of law would serve no jurisprudential purpose. For one reason, the motion went unopposed, which alone would suffice to affirm the district court's judgment. For another, notwithstanding Ste. Marie's failure to oppose the motion, the district court issued a published opinion fully articulating (especially when read in conjunction with its July 24, 2000 decision) the reasons why, on this record, the City was entitled to judgment as a matter of law. Having nothing substantial to add to the district court's careful treatment of the issues, we accordingly affirm the district court's judgment on the basis of the district court's two opinions.